LUIS A. CARRILLO, Esq. SBN 70398
MICHAEL S. CARRILLO, Esq. SBN 258878
J. MIGUEL FLORES, Esq. SBN 240535
**CARRILLO LAW FIRM, LLP**
1499 Huntington Drive, Suite 402
 South Pasadena, CA 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARIA SALAS, NOEL SALAZAR, and M.J.S. minor, by and through his Guardian Ad Litem , MARY ANN D'AMBRA,** ) | **CASE NO:  2:20-cv-11422** |
| ) | **COMPLAINT FOR DAMAGES** |
| ) | |
| ) | **[DEMAND FOR JURY TRIAL]** |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **CITY OF GARDEN GROVE, DOES 1 THROUGH 10, INCLUSIVE,** ) | |
| ) | |
| Defendants. ) | |

1

COMPLAINT FOR DAMAGES

## COMPLAINT FOR DAMAGES

Plaintiffs MARIA SALAS, NOEL SALAZAR, and M.J.S., a minor, by and through his Guardian Ad Litem, MARY ANN D'AMBRA, (collectively referred to as Plaintiffs"), file the instant Complaint against Defendants CITY OF GARDEN GROVE, and DOES 1 THROUGH 10, inclusive, and herein allege as follows:

## JURISDICTION AND VENUE

1.      This civil action is brought to redress violations of the Fourth and Fourteenth Amendments of the United States Constitution as protected by 42 U.S.C. §§ 1983. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Orange, in the State of California, which is located in this Central District of California. The Court has supplemental jurisdiction over the California state law causes of action asserted in this Complaint pursuant to 28 U.S.C. § 1367(a).

## PARTIES

2.      JAMES SALAZAR (hereinafter "DECEDENT") is the Decedent.   Mr. SALAZAR died on February 26, 2020.

3.      Plaintiff MARIA SALAS, is DECEDENT'S biological mother and brings survival claims in a representative capacity on the DECEDENT'S behalf as a lawful successor-in-interest pursuant to California Code of Civil Procedure § 377.30 and § 377.60.   Plaintiff MARIA SALAS seeks damages for survival claims, wrongful death, and loss of familial relations.

4.       NOEL SALAZAR, is DECEDENT'S biological father and brings survival claims in a representative capacity on the DECEDENT'S behalf as a lawful successor-in-interest pursuant to California Code of Civil Procedure § 377.30 and § 377.60.   Plaintiff NOEL SALAZAR seeks damages for survival claims, wrongful death, and loss of familial relations.

5. Plaintiff, M.J.S ("M.J.S.") is a minor individual and is the natural born son to DECEDENT JAMES SALAZAR. Plaintiff M.J.S. sues by and through his Guardian Ad Litem, MARY ANN D'AMBRA, pursuant to Federal Rules of Civil Procedure, Rule 17(c)(2). M.J.S. sues both in his individual capacity as the son of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. Plaintiff M.J.S. seeks damages for survival claims, wrongful death, and loss of familial relations.

6. Defendant CITY OF GARDEN GROVE (sometimes referred to as "GARDEN GROVE") is and was, at all times pertinent hereto, a municipal corporation and a political subdivision organized and existing under the laws of the State of California. GARDEN GROVE owns, operates, manages, directs, and controls the CITY OF GARDEN GROVE Police Department. GARDEN GROVE is liable for the use of excessive force, battery, and negligence of DOES 1 through 10 as to Plaintiffs' state law claims pursuant to Cal. Govt. Code § 815.2(a). ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). As to Plaintiffs' state law claims, DOES 1 through 10 are liable for their nonfeasance and malfeasance pursuant to Cal. Civ. Code § 820(a). Defendant GARDEN GROVE is also liable pursuant to Cal. Govt. Code § 815.6.

7. DOES 1 through 10, are duly sworn peace officers, and were specifically authorized by Defendant CITY OF GARDEN GROVE to perform the duties and responsibilities of sworn law enforcement officers of the CITY OF GARDEN GROVE, and all acts hereinafter complained of were performed by each of them within the course and scope of their duties as officers of the CITY OF GARDEN GROVE. DOES 1 through 10 are also sued herein in their individual capacity and in their official capacity as peace officers of the CITY OF GARDEN GROVE.

8. The true names, identities or capacities, whether individual, associate, of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs at this time, who therefore

COMPLAINT FOR DAMAGES

sues said defendants by such fictitious names. Plaintiffs allege that each of the defendants sued herein as a DOES 1-10 are legally responsible for the events and happenings that caused the DECEDENT'S death. Plaintiffs will amend the complaint to name the DOES 1-10 when their true names and identities discovered.  All of the acts alleged herein by Plaintiffs against the DOES 1-10, were done while acting within the course, purpose, and scope of employment.

## FACTS COMMON TO ALL CAUSES OF ACTION

9.    Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth herein in this cause of action.

10.    On or about February 26, 2020, a GARDEN GROVE police officer negligently or intentionally caused the death of JAMES SALAZAR.

11.    On or about February 26, 2020, JAMES SALAZAR, was wrongfully shot and killed by a GARDEN GROVE police officer, DOE 1. The shooting of JAMES SALAZAR by a GARDEN GROVE police officer was unjustified in that JAMES SALAZAR was unarmed and he was not an imminent threat to the GARDEN GROVE police officer, DOE 1.

12.    The intentional, reckless, negligent, and unjustified use of deadly force by the GARDEN GROVE police officer, DOE 1, was a result of the negligent employment, negligent retention, negligent supervision, and negligent training by the CITY OF GARDEN GROVE. The intentional, reckless, negligent, and unjustified use of deadly force by this GARDEN GROVE police officer, DOE 1, was a result of the negligent training by the GARDEN GROVE Police Department.  Plaintiffs allege on information and belief that GARDEN GROVE failed to train its police officers as to proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures.  GARDEN GROVE was responsible for the training of Garden Grove Police Department officers, including DOE 1, to ensure that the actions, procedures, and practices of its police officers complied with POST training standards regarding proper police tactics, and proper use of deadly force.

4
COMPLAINT FOR DAMAGES

13. The CITY OF GARDEN GROVE and DOES 1-10 negligently failed to train Garden Grove Police Department officers as to POST training standards regarding proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. Peace Officer Standards and Training (POST) was established by the California Legislature in 1959 to set minimum selection and training standards for California law enforcement officers. The CITY OF GARDEN GROVE, including the Chief, Commanders, and high ranking supervisors, ratify, condone, and acquiesce in the negligent and excessive use of force by its officers, acting under color of law. The CITY OF GARDEN GROVE, including the Chief, Commanders, and high ranking supervisors, ratify, condone, and acquiesce in the filing of false police reports to "cover up" the negligent and/or intentional excessive use of force; and ratify, condone, and acquiesce, in the falsification of evidence, the "planting" of evidence to "cover up" the negligent and excessive use of force, and other GARDEN GROVE Police Department officer misconduct.

14. As a direct result of the death of JAMES SALAZAR, PLAINTIFFS MARIA SALAS, NOEL SALAZAR, and M.J.S. have suffered the loss of the love, society, comfort, services, and support of JAMES SALAZAR. Further, as a direct result of the excessive and unreasonable force which was used against JAMES SALAZAR, Plaintiffs' constitutional substantive due process rights to be free from unwarranted state interference in a familial relationship with JAMES SALAZAR have been violated.

15. On or about July 22, 2020, Claims for Damages were presented to the CITY OF GARDENG GROVE, on behalf of PLAINTFFS  MARIA SALAS, NOEL SALAZAR, and M.J.S. through and by his Guardian ad Litem, MARY ANN D'AMBRA, in substantial compliance with Government Code § 910, et seq.  At the time of the filing of this  Complaint, the claims had been denied.

///

///

///

COMPLAINT FOR DAMAGES

# FIRST CAUSE OF ACTION

## FOURTH AMENDMENT VIOLATION OF FEDERAL CIVIL RIGHTS

## EXCESSIVE USE OF FORCE [42 U.S.C. § 1983]

**(By Plaintiffs individually and as Successor-In-Interest of Decedent**

**Against all Defendants and DOES 1-10.)**

16.    Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

17.    This cause of action is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiffs and DECEDENT by the Fourth and Fourteenth Amendments of the United States Constitution.

18.    Defendants DOES 1-10, each of them, as GARDEN GROVE police officers, owed a legal duty under the U.S. Constitution not to use excessive force against DECEDENT.

19.    Plaintiffs alleges that Defendants GARDEN GROVE and DOES 1-10, each of them, breached these aforementioned legal duties intentionally, in all their interactions with DECEDENT, on or about February 26, 2020, including, but not limited to, the use of excessive and unreasonable force upon DECEDENT while he was unarmed.

20.    Plaintiffs herein allege that Defendants DOES 1-10, and each of them, as GARDEN GROVE police officers, breached these aforementioned duties, which constituted violations of the civil rights of the DECEDENT in violation of 42 U.S.C. § 1983, and in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

21.    Plaintiffs herein allege that Defendants DOES 1-10's intentional use of excessive and unreasonable force upon DECEDENT, who was unarmed, was the legal cause of DECEDENT's death.

COMPLAINT FOR DAMAGES

22.   Defendants DOES 1-10, and each of them, violated DECEDENT'S civil rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, cruel and unusual punishment, nor the deprivation of life and liberty and denial of due process of law. The violation was under color of State and Federal law.  Defendants DOES 1-10, and each of them, acted in violation of the Fourth and Fourteenth Amendment of the United States Constitution when DECEDENT was subjected to excessive force and eventually died following his encounter with Defendants DOES 1-10.

23.   Defendants DOES 1-10, each of them, are liable for the excessive and unreasonable force used against the DECEDENT because each, DOE 1-10, directly participated, integrally participated, and/or failed to intervene in the violation of the DECEDENTS' constitutional rights.

24.   DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

25.   As a result of the excessive use force by the Defendants DOES 1-10, DECEDENT died.  PLAINTFFS  MARIA SALAS, NOEL SALAZAR, and M.J.S., individually and as Successors-In-Interest to DECEDENT, JAMES SALAZAR, were thereby deprived of their constitutional rights of familial relationship with DECEDENT.

26.   Defendants DOES 1-10, each of their actions, directly and proximately caused injuries and damages to Plaintiffs, as set forth herein.

27.   Defendants Does 1-10, are individually liable for the violation of DECEDENT and Plaintiff's Civil Rights apart and aside from the customs, policies and practices of the CITY OF GARDEN GROVE.

28.   As a direct and proximate result of the conduct of Defendants GARDEN GROVE and DOES 1-10, and each of them, DECEDENT has suffered the following injuries and damages for which Plaintiffs, as successor-in-interest, may recover:

a. Violation of DECEDENT'S Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, cruel and unusual punishment, nor the deprivation of life and liberty and denial of due process of law;

b. Loss of life, loss of enjoyment of life, and pre-death pain and suffering, as well as the life-long deprivation of DECEDENT'S comfort, support, society, care, and sustenance.

c. Conscious physical pain, suffering and emotional trauma during the incident on February 26, 2020, suffered by DECEDENT.

29. As a direct and proximate result of the conduct of Defendants DOES 1-10, each of them, Plaintiffs suffered damages as a proximate result of the death of JAMES SALAZAR.

30. Plantiff is entitlted to an awared of attorneys' fees, costs and expenses under 42 U.S.C. § 1983, as a result of Defendants DOES 1-10, for the violation of DECEDENT's and Plaintiffs' Civil Rights.

### SECOND CAUSE OF ACTION

**Fourteenth Amendment Interference with Familial Relations (42 U.S.C. §1983)**

**(By Plaintiffs individually and as Successor-In-Interest of Decedent**

**Against all Defendants and DOES 1-10.)**

31. Plaintiffs hereby restate and re-allege each and every paragraph set forth above, and herby incorporate by reference said paragraphs as though fully set forth below.

32. The Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including, but not limited to, unwarranted state interference with the familial relationships of the DECEDENT.

COMPLAINT FOR DAMAGES

33. DOES 1 through 10, acting under color of state law, violated PLAINTIFFS' rights to be free from unwarranted interference with their familial relationship with DECEDENT when they used excessive and unreasonable force, causing the DECEDENT's death.

34. DOES 1 through 10 are liable for the violation of DECEDENT'S Fourteenth Amendment right because each Defendant directly participated, integrally participated, and/or failed to intervene in the use of excessive or unreasonable force against the DECEDENT.

35. As a direct and proximate cause of Defendants' conduct, PLAINTIFFS' suffered the loss of the DECEDENT'S love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance. Plaintiffs therefore seek compensatory damages under this claim in their individual capacity.

36. DOES 1 through 10 acted with malice, oppression, and/or in reckless disregard of the PLAINTIFFS' rights.

37. Plaintiffs also seeks costs of suit, interest, and statutory attorneys' fees under 42 U.S.C. §1988 under this claim.

### THIRD CAUSE OF ACTION

**Municipal Liability -- Ratification (42 U.S.C. § 1983)**

**(By Plaintiffs individually and as Successor-In-Interest of Decedent**

**Against all Defendants and DOES 1-10.)**

38. Plaintiffs hereby restate and re-allege each and every paragraph set forth above, and hereby incorporate by reference said paragraphs as though fully set forth below.

39. Defendants DOES 1 through 10 acted under color of law.

40. The acts of Defendants DOES 1 through 10 deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

COMPLAINT FOR DAMAGES

41. Upon information and belief, GARDEN GROVE policymakers and executive management of GARDEN GROVE acting under color of law, who had final policymaking authority concerning the acts of Defendants DOES 1 through 10, **ratified** the actions of Defendants DOES 1 through 10; and ratified the use of deadly force by DOES 1 through 10. Upon information and belief, the final policymakers of GARDEN GROVE knew of and specifically approved of the acts of Defendants DOES 1 through 10.

42. Upon information and belief, final policymakers and executive management of GARDEN GROVE, have determined (or will determine) that the acts of Defendants DOES 1 through 10 were "within policy." Upon further information and belief, final policymakers and executive management of GARDEN GROVE, have determined (or will determine) that the acts of Defendants DOES 1 through 10 do not warrant that any retraining or disciplinary measures be taken against these individual officers, Defendants DOES 1 through 10.

43. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance. The aforementioned acts and omissions also caused DECEDENT'S pre-death pain and suffering, loss of enjoyment of life, and death.

44. Accordingly, Defendants GARDEN GROVE are liable to the Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

45. Plaintiffs bring this claim for survival damages in their capacity as successors-in-interest to DECEDENT and as individuals for wrongful death damages. Plaintiffs also seeks attorney's fees pursuant to 42 U.S.C. §1988.

///

///

///

///

///

COMPLAINT FOR DAMAGES

## FOURTH CAUSE OF ACTION

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

### (By Plaintiffs individually and as Successor-In-Interest of Decedent

### Against all Defendants and DOES 1-10.)

46.    Plaintiffs hereby restate and re-allege each and every paragraph set forth above, and hereby incorporate by reference said paragraphs as though fully set forth below.

47.    Defendants DOES 1 through 10 acted under color of law.

48.    The acts of Defendants DOES 1 through 10 deprived Plaintiffs and DECEDENT of their particular rights under the United States Constitution.

49.    The training policies of Defendant GARDEN GROVE were not adequate to train its officers, such as DOES 1 through 10, to handle the usual and recurring situations with which they must deal. The training policies of GARDEN GROVE were deficient in the following ways:

    a.  GARDEN GROVE failed to properly train its police officers, such as DOES 1-10, so that Officers, such as DOES 1-10, do not *escalate* their interactions with residents and do not *overreact* and resort to use of deadly force when the use of force was not necessary.

    b.  GARDEN GROVE failed to properly train its police officers, such as DOES 1-10, so that peace officers, such as DOES 1-10, do not permit fear to reach the point of becoming *unreasonable* fear which would result in the use of deadly force to cause the death of civilians, such as DECEDENT.  This was a part of the GARDEN GROVES's negligent failure to train DOES 1-10 to properly and adequately assess the need to use deadly force against DECEDENT.

    c.  On February 26, 2020, DECEDENT was unarmed when a GARDEN GROVE police officer, DOE 1, shot him.

COMPLAINT FOR DAMAGES

d.  GARDEN GROVE failed to properly train its police officers, such as DOES 1-10, in proper police tactics, such as ***situational awareness*** so that police officers, such as DOES 1 through 10, do not utilize negligent tactics, such as when DOES 1 through 10 used excessive and deadly force at DECEDENT while he was unarmed.  Because of this lack of proper training by the CITY OF GARDEN GROVE, DOES 1 through 10 did not use proper police tactics in handling of the contact with DECEDENT. These defective tactics resulted in the shooting by DOES 1, a GARDEN GROVE police officer that killed DECEDENT.

e.  GARDEN GROVE failed to properly train its police Officers, such as DOES 1 through 10, so that Officers, such as DOES 1 through 10, would be trained in the importance of ***effective communication*** prior to using deadly force.

f.  Because of the lack of proper training by GARDEN GROVE, DOES 1 through 10 did not use effective communication prior to and during the shooting of DECEDENT. The ***ineffective communication*** of information by DOES 1 through 10, prior to and during the incident, resulted in the shooting by DOES 1 that killed DECEDENT.   The failure to properly train police officers by the Defendant CITY OF GARDEN GROVE   manifest a deliberate indifference to the violations of civil rights, and is the resulting consequence of a failure to train Garden Grove Police Officers by GARDEN GROVE. Defendants GARDEN GROVE was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

50.    The failure of Defendants GARDEN GROVE to provide adequate training caused the deprivation of Plaintiffs' and DECEDENT'S rights by Defendants DOES 1 through 10; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiffs' and DECEDENT'S rights as to be the moving force that caused their ultimate injuries.

COMPLAINT FOR DAMAGES

51.     On information and belief, GARDEN GROVE failed to train DOES 1 through 10 properly and adequately.

52.     By reason of the aforementioned acts and omissions, the Plaintiffs have suffered loss of the DECEDENT'S love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance.  The aforementioned acts and omissions also caused DECEDENT'S pre-death pain and suffering, loss of enjoyment of life, and loss of life.

53.     Accordingly, Defendants GARDEN GROVE are liable to the Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

54.     Plaintiffs bring this claim for survival damages in their capacity as successors-in-interest to DECEDENT and in their capacity as individuals for wrongful death damages. Plaintiff's also seeks attorney's fees pursuant to 42 U.S.C. §1988.

## FIFTH CAUSE OF ACTION

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**(By Plaintiffs individually and as Successor-In-Interest of Decedent**

**Against all Defendants and DOES 1-10.)**

55.     Plaintiffs hereby restate and re-allege each and every paragraph set forth above, and hereby incorporate by reference said paragraphs as though fully set forth below.

56.     Defendants DOES 1 through 10 acted under color of law.

57.     Defendants DOES 1 through 10 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant GARDEN GROVE.

58.     On information and belief, Defendants DOES 1 through 10 were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT'S death.

COMPLAINT FOR DAMAGES

59.    Defendants DOES 1 through 10, together with other GARDEN GROVE policymakers and supervisors, maintained, *inter alia*, the following unconstitutional customs, practices, and policies:

(a)    Using excessive force, including excessive deadly force;

(b)    Providing inadequate training regarding the use of deadly force;

(c)    Employing and retaining as police officers individuals such as Defendants DOES 1 through 10, whom Defendant GARDEN GROVE at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)    Inadequately supervising, training, controlling, assigning, and disciplining GARDEN GROVE officers, and other personnel, including Defendant DOE officers, whom Defendant GARDEN GROVE knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by Defendants DOES 1 through 10;

(f)    Failing to adequately discipline GARDEN GROVE police officers, including Defendants DOES 1 through 10, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)    Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h)    Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

14

COMPLAINT FOR DAMAGES

(i)     Encouraging, accommodating, or facilitating a "thin blue line", "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

(j)     Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

60.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance.    The aforementioned acts and omissions also caused DECEDENT'S pre-death pain and suffering, loss of enjoyment of life, and loss of life.

61.     Defendants GARDEN GROVE, and DOES 1 through 10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff's, and other individuals similarly situated.

62.     By perpetrating, sanctioning, tolerating and ratifying outrageous conduct and other wrongful acts, DOES 1 through 10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still

COMPLAINT FOR DAMAGES

tolerated by Defendants GARDEN GROVE, and DOES 1 through 10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

63.     Accordingly, Defendants DOES 1-10 and are liable to the Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

64.     Plaintiffs bring this claim for survival damages in their capacity as successors-in-interest to DECEDENT and in their capacity as individuals for compensatory damages.  Plaintiffs also seeks attorney's fees pursuant to 42 U.S.C. §1988.

## SIXTH CAUSE OF ACTION

**Denial of Medical Care (Fourteenth and Eighth Amendment) 42 U.S.C. § 1983**

**(Against All Defendants Does 1-10)**

65.     Plaintiffs repeat and re-allege each and every of the foregoing allegations above with the same force and effect as if fully set forth herein.

66.     Plaintiffs on information and belief allege that Defendants DOES 1-10 were deliberately indifferent to DECEDENT's medical needs following the use of excessive force on him.

67.     Plaintiffs allege that Defendants' failure to provide proper and necessary medical care caused Decedent serious bodily harm and death.  The aforementioned denial of medical care violated Decedent's right to Due Process under the Fourteenth Amendment and violated the decedent's right to be free from cruel and unusual punishment in violation of the Eighth Amendment.

68.     Accordingly, Defendants DOES 1-10 each are liable to Plaintiffs for compensatory damages, including both survival damages and wrongful death damages, under 42 U.S.C. § 1983 and California Code of Civil Procedure § 377.30 and § 377.60. Plaintiffs also seek reasonable attorneys' fees pursuant to 28 U.S.C. § 1988.

///

///

16

COMPLAINT FOR DAMAGES

## SEVENTH CAUSE OF ACTION

### Violation of Bane Act (Cal. Civil Code § 52.1 and California Common Law)

### (By Plaintiffs individually and as Successor-In-Interest of Decedent

### Against all Defendants and DOES 1-10.)

69.    Plaintiffs hereby restate and re-allege each and every paragraph set forth above, and hereby incorporate by reference said paragraphs as though fully set forth below.

70.    California Civil Code, Section 52.1 (the Bane Act) applies to this complaint with the same force and effect as fully set forth herein:

(a)    If a person or person, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals or rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state ... a civil action for injunctive and other appropriate equitable relief may be brought.

(b)    Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state, has been interfered with, as described in subdivision (a), may institute and prosecute in his name and on his own behalf a civil action for damages, including but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

71.    The Bane Act, the California Constitution and California common law prohibit the use of excessive force by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims. See *Bay Area Rapid Transit Dist. v. Superior Court*, 38 Cal.App.4th 141, 144 (1995). "[A] successful claim for excessive force under the Fourth Amendment provides the basis for a

17

COMPLAINT FOR DAMAGES

successful claim under § 52.1." *Chaudhry v. City of Huntington Beach*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir.2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. County. Of  L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure] - when accompanied by unnecessary, deliberate and excessive force is within the protection of the Bane Act").

72.    On information and belief, DOES 1 through 10, while working for GARDEN GROVE and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including shooting him without justification or excuse and by integrally participating and/or failing to intervene in the above violence.

73.    When Defendants DOES 1 through 10 shot at the DECEDENT, they acted with a reckless disregard for and in violation of DECEDENT'S rights under the state and federal constitutions to be free from excessive force.

74.    The conduct of DOES 1 through 10 was a substantial factor in causing DECEDENT'S death.  GARDEN GROVE is vicariously liable for the wrongful acts of Defendants DOES 1 through 10, inclusive, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

75.    Defendant GARDEN GROVE is vicariously liable under California law and the doctrine of *respondeat superior*.

76.    The conduct of Defendants DOES 1 through 10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to Defendants DOES 1 through 10.

77.    The Plaintiff's bring this claim as DECEDENT'S successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival

COMPLAINT FOR DAMAGES

damages for the violation of DECEDENT'S rights.  Plaintiffs also seeks attorney's fees under the Bane Act.

## EIGHTH CAUSE OF ACTION

### Negligence-Wrongful Death

### (By Plaintiffs individually and as Successor-In-Interest of Decedent

### Against all Defendants and DOES 1-10.)

78.   Plaintiffs hereby restate and re-allege each and every paragraph set forth above, and hereby incorporate by reference said paragraphs as though fully set forth below.

79.   Police officers, including Defendant DOES 1 through 10, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using excessive force unless necessary, using less than lethal options, and only using deadly force as a last resort.

80.   Defendants DOES 1 through 10 breached this duty of care.  The actions and inactions of Defendants DOES 1 through 10 were negligent and reckless, including but not limited to:

(a)   the failure to properly and adequately assess the need to use force or deadly force against DECEDENT;

(b)   the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c)   the negligent use of force, including deadly force, against DECEDENT;

(d)   the failure to properly train and supervise employees, both professional and non-professional, including DOES 1 through 10;

COMPLAINT FOR DAMAGES

(e)   the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(f)   the negligent handling of evidence and witnesses; and

(g)   the negligent communication of information during the incident.

81.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, the DECEDENT ultimately died. The Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

82.   GARDEN GROVE is vicariously liable for the wrongful acts of Defendants DOES 1 through 10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

83.   Plaintiffs bring this claim as DECEDENT'S successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks both survival damages for the violation of DECEDENT'S rights and wrongful death damages for the loss of relationship with DECEDENT.  Plaintiffs also seek attorney's fees under Cal. Civ. Code §1021.5.

## NINTH CAUSE OF ACTION
### WRONGFUL DEATH
**Pursuant to California Government Code §§ 815.2(a), 820(a); Civil Code § 43 and Code of Civil Procedure §§ 377.60, et seq.**
**(Against Defendants the CITY OF GARDEN GROVE, DOES 1-10, inclusive)**

84.   Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

COMPLAINT FOR DAMAGES

85.   The state claims asserted herein against Defendant CITY OF GARDEN GROVE are presented pursuant to the CITY OF GARDEN GROVE's vicarious liability for acts and omissions of its employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a), 820(a) and Civil Code § 43.

86.   Plaintiffs further allege that Defendants DOES 1-10, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to negligently inflicting physical injury upon DECEDENT as described herein, and negligently employing excessive force against DECEDENT when such force was unnecessary and unlawful.   All of these acts proximately caused DECEDENT'S death on or about February 26, 2020.

87.   As a direct and proximate result of the death of DECEDENT and the above-described conduct of Defendants DOES 1-10, and each of them, DECEDENT'S heirs, the Plaintiffs herein, have sustained substantial economic damages and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services and support of DECEDENT in an amount according to proof at trial.

88.   As a further direct and proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of DECEDENT, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

## TENTH CAUSE OF ACTION

### BATTERY

### (Against All Defendants)

89.   Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

COMPLAINT FOR DAMAGES

90.   The actions and omissions of Defendants CITY OF GARDEN GROVE, and DOES 1-10, as set forth above constitutes battery.

91.   As a direct and proximate result of Defendants CITY OF GARDEN GROVE, and DOES 1 through 10's battery of DECEDENT, DECEDENT sustained injuries and damages, and is entitled to relief as set forth above.

92.   Defendant DOES 1-10 committed the acts alleged herein maliciously, and oppressively, with the wrongful intention of injuring DECEDENT, amounting to malice, and in conscious disregard of DECEDENT's rights.  Plaintiffs are entitled to recover damages from Defendants DOES 1-10 in an amount according to proof.

## ELEVENTH CAUSE OF ACTION

### Civil Conspiracy under Federal Law, Pursuant to 42 U.S.C. §§ 1983, 1988

### [Against Defendants DOES 1-10 inclusive.]

93.   Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

94.   Plaintiffs assert this Cause of Action for Conspiracy to violate civil rights, as DECEDENT'S successors in interest, pursuant to 42 U.S.C. §§ 1983, 1988, and California Code of Civil Procedure § 377.20 et seq.

95.   Plaintiffs allege that Defendants DOES 1-10 entered into a civil conspiracy and agreement, to violate the civil rights of Decedent JAMES SALAZAR and Plaintiffs when they covered up the circumstances behind the death of DECEDENT.

96.   As such, all of the Defendants DOES 1-10's actions were consistent with an agreement to cover up the circumstances behind DECEDENT JAMES SALAZAR's death.

97.   Defendants CITY OF GARDEN GROVE, DOES 1-10, inclusive, are legally responsible for, and indeed proximately and legally caused, the damages alleged herein for the reasons alleged above and incorporated herein by reference.

22

COMPLAINT FOR DAMAGES

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants CITY OF GARDEN GROVE, and DOES 1 through 10, inclusive as follows:

1. For survival damages under state law in a sum according to proof at trial;

2. For survival damages under federal law, including damages for pre-death pain and suffering, loss of enjoyment of life, and loss of life, in a sum according to proof at trial;

3. For wrongful death damages under state and federal law, in a sum according to proof at trial;

4. For costs of suit and pre-judgment and post-judgment interest;

5. For attorney's fees under §1021.5, §52.1, and §1988.

6. For punitive damages as provided under state and federal law against the individual defendants, in a sum according to proof at trial;

7. For other and further relief as the court may deem just, proper, and appropriate.

Dated:  December 17, 2020          CARRILLO LAW FIRM, LLP

By: _____
    *J. Miguel Flores*
    J. MIGUEL FLORES, Esq.,
    Attorney for Plaintiffs

**DEMAND FOR JURY TRIAL**

The Plaintiffs named herein hereby demand a trial by jury.

Dated: December 17, 2020          CARRILLO LAW FIRM, LLP

By: _____
    *J. Miguel Flores*
    J. MIGUEL FLORES, Esq.,
    Attorney for Plaintiffs

23

COMPLAINT FOR DAMAGES